IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JERRY M. GILBERT, et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | Civil Action No. 7:06-cv-177-R |
| | § | |
| **DANNY R. BARTEL, M.D., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Defendants' Motion to Dismiss (Dkt. No. 14), Plaintiffs' Response (Dkt. No. 20) and Defendants' Reply (Dkt. No. 21). Defendants move for dismissal for lack of subject matter jurisdiction under rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

### I. Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). A federal court considering a Rule 12(b)(1) motion must presume that a suit lies outside its limited jurisdiction, and the burden to establish jurisdiction lies with the party seeking resolution of the claim in federal court. *See id.* The party asserting jurisdiction must present the federal court with claims that would give rise to federal question jurisdiction or with sufficient facts to support subject matter jurisdiction through diversity of citizenship. 28 U.S.C. §§ 1331-32. Without the presence of such facts or claims, the federal court cannot entertain

---

[1] Defendants also move for dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, res judicata, and because the statute of limitations has run as to all of Plaintiffs' claims. Although the Court finds merit in all of these avenues of dismissal, the Court will only address the jurisdictional issue, as it is dispositive of the entire case.

1

jurisdiction over the case.  *Howery,* 243 F.3d at 916.

Because Plaintiffs are proceeding *pro se*, the Court must construe the allegations in the complaint liberally.  *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam).  The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances, and *pro se* litigants are subject to less stringent standards than litigants who are represented by counsel. *Id.*  This Court has given the Gilberts' complaint the indulgent reading required but finds, nevertheless, that they failed to plead *any* facts or *any* claims to support federal jurisdiction.

## II.     Plaintiffs' Complaint

Plaintiffs' claims against Defendants stem from alleged medical malpractice and then concealing Plaintiff's medical records to hide the malpractice.   Plaintiffs assert that Dr. Bartel misdiagnosed Mrs. Gilbert and treated her for osteoporosis when she had treatable cancer.  Plaintiffs brought suit in state court for medical malpractice, and the suit was dismissed on summary judgment.  The Fort Worth Court of Appeals upheld the district court's summary judgment against Plaintiffs.  Plaintiffs then removed the case to this Court in 2005. This Court remanded the case back to state court for lack of jurisdiction.

Now Plaintiffs bring this action, based on the same alleged medical malpractice and attempted cover up.  Plaintiffs' causes of action against Defendants include: violation of 29 U.S.C. § 1113 (breach of fiduciary duty under ERISA); 42 U.S.C. § 1320a - 7(a) (excluding people or entities from certain health care programs); 18 U.S.C. § 4 (misprision of a felony); 19 U.S.C. §§ 1341, 1343 (mail fraud); 18 U.S.C.  § 3 (accessory after the fact); obstruction of justice; perjury; violation of civil rights; breach of contract; fraud; deceptive trade practices;

negligence; and gross negligence.

### III.     Plaintiffs have not established diversity jurisdiction.

Plaintiffs have not established diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs do not allege that Defendants are citizens of a different state, a prerequisite to suit under 28 U.S.C. § 1332. To the contrary, the complaint alleges that all parties are citizens of Texas.

### IV.     Plaintiffs have not established federal question jurisdiction.

A plaintiff's federal claim must be a substantial one in order for the federal courts to entertain jurisdiction. *Southpark Square Ltd. v. City of Jackson,* 565 F.2d 338, 341-42 (5th Cir. 1977). A claim that is "obviously without merit" or "frivolous" is not a substantial federal question. *Id.* And a "federal court must dismiss for want of jurisdiction if the federal claim that is the basis for jurisdiction is obviously without merit or is wholly frivolous." 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice an Procedure* § 3564 (2d ed. 1987). Further, a clear lack of standing to bring a federal claim prevents the district court from exercising jurisdiction. *See Nevyas v. Morgan,* 309 F. Supp. 2d 673, 676-77 (E.D. Pa. 2004). However, the test for dismissal under 12(b)(1) is rigorous, and "if there is any foundation of plausibility to the claim federal jurisdiction exists." *Hilgeman v. National Ins. Co.,* 547 F.2d 298, 300 n. 1 (5th Cir. 1977) (citing Wright & Miller, at § 3504).

####     A.     Plaintiffs have no standing to bring a cause of action under 29 U.S.C. § 1113 or 42 U.S.C. § 1320a-7(a).

Plaintiffs' claim under 29 U.S.C. § 1113 is obviously without merit. This statute refers to a statute of limitations for breach of fiduciary duty under the Employee Retirement Income Security Act (ERISA). Plaintiffs have made no claims and alleged no facts that would support a

3

claim under ERISA. Therefore, Plaintiffs have not made a substantial federal claim under 29 U.S.C. § 1113.

Plaintiffs' claim under 42 U.S.C. § 1320a-7(a) is also obviously without merit. This statute allows the Secretary of Health and Human Services to exclude individuals convicted of certain crimes from federally funded health care programs.  Plaintiffs have no standing to bring suit under this statute and have alleged no facts to support a claim under this statute.

### B. **Plaintiffs have no standing to bring criminal charges against Defendants.**

Plaintiffs claim that Defendants committed several federal crimes, namely misprision of a felony, obstruction of justice, accessory after the fact, mail fraud, and perjury.  These claims are criminal in nature and Plaintiffs have no standing to sue Defendants for alleged criminal acts unless those acts also violate a federal statute that gives rise to a civil action.

### C. **Plaintiffs have produced no facts that could sustain a claim for violation of civil rights.**

Although Plaintiffs do claim that Defendants violated their civil rights, which could be cognizable under 42 U.S.C. § 1983, they have failed to plead any facts giving rise to such a claim.  None of the Defendants in this case are alleged to have acted under "color of law" which is a prerequisite for suit under § 1983.

### V. **The Court has no jurisdiction over Plaintiffs' state law claims.**

Because Plaintiffs have alleged no federal claims, the Court cannot exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

Therefore, Plaintiff's claims are DISMISSED in their entirety without prejudice.

It is so **ORDERED.**

**ENTERED:   April 12, 2007.**

_____
**JUDGE JERRY BUCHMEYER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**